Elizabeth Rojas
15060 Ventura Blvd.
Suite 240
Sherman Oaks, CA  91403
Telephone:  (818) 933-5700
Facsimile:   (818) 933-5755

| | |
|---|---|
| **UNITED STATES BANKRUPTCY COURT**<br>**CENTRAL DISTRICT OF CALIFORNIA - NORTHERN DIVISION** ||
| IN RE<br><br>Karen Marie Shane<br><br><br><br>DEBTOR | CHAPTER 13<br>CASE NO. ND14-11585-PC<br><br>**TRUSTEE'S OBJECTION TO CONFIRMATION OF PLAN; DECLARATION; NOTICE OF POSSIBLE DISMISSAL OR CONVERSION**<br><br>**DATE/TIME: October 23, 2014  10:00 am**<br>**Courtroom 201**<br>**1415 State Steet**<br>**Santa Barbara, CA  93101-3101** |

The Trustee objects to confirmation of the plan because all requirements for confirmation as set forth in Title 11 of the United States Code and the Rules have not been met.

The Trustee requests, should all requirements not be met, that confirmation of the plan be denied, the case be dismissed or converted to Chapter 7 and for such other relief as the Court may deem appropriate.

**THE FAILURE OF THE DEBTOR (OR THE ATTORNEY FOR THE DEBTOR) TO APPEAR AT THE CONFIRMATION HEARING, OR TO FULLY COMPLY WITH ALL REQUIREMENTS FOR PLAN CONFIRMATION, MAY RESULT IN DISMISSAL OR CONVERSION OF THE CASE.**

DATED: September 22, 2014                                                                      /s/  Elizabeth Rojas

      **I, Elizabeth Rojas, declare as follows:**

1. I am the Trustee in this matter, Karen Marie Shane, ND14-11585-PC, and I have personal knowledge of files and records kept by my office in the regular course of business.  I have personally reviewed the files and records kept by my office in the within case.  The following facts are true and correct and within my own personal knowledge and I could and would testify competently thereto if called upon to do so.

2. I object to confirmation of the proposed plan because of the deficiencies set forth in the attached which is incorporated herein by reference.  These deficiencies existed prior to or at the time of the 11 USC §341(a) meeting in this matter.

    I declare under penalty of perjury that the foregoing is true and correct.

Executed at Sherman Oaks, California on September 22, 2014.                /s/  Elizabeth Rojas

I oppose plan confirmation because the **Debtor has failed to**:

[X] schedule debts within the limits of 11 USC §109(e); and therefore **ineligible**; and/or Debtor is not eligible to be a Chapter 13 Debtor as follows:
- **Potentially exceeds unsecured debt limit; Amend to disclose amounts of claims on Schedule F (all stated as "unknown")**

[ ] **disclose** [11 USC §521, LBR 1017-1(b)]
   [ ] assets   [ ] creditors   [ ] income   [ ] prior case

[ ] **serve all** creditors with notice and the Plan at least 28 days before the 11 USC §341(a) Meeting of Creditors, FRBPs 2002(b), 7004 and LBR 3015-1(b)(3);

[X] provide the Trustee **documentation of all income** (as well as any contributor's income) seven days before the §341(a) Meeting of Creditors. LBR 3015-1(c)(3), 11 USC § 521;
- **current paystub - debtor**

[ ] meet the **business reporting requirements** regarding Debtor's business or self-employment, LBR 3015-1(c)(4);

[ ] provide to the Trustee completed copies of the Federal and State **income tax returns**, 11 USC §§ 1308 and 521, LBR 3015-1(c)(3).

[X] propose a plan that is feasible 11 USC § 1325(a)(6); the plan is **infeasible** because
   [ ] certain claims are not included and/or the amount provided is insufficient
   [ ] income is not sufficient enough to fund it
   [ ] plan payment will not retire debt within term
   [X] the plan does not propose treatment and/or properly treat all scheduled, priority and/or secured creditors; and/or plan deficiencies as follows:
       - **Plan is not feasible: $22 surplus v. $555 proposed plan payment**
       - **No boxes checked in Class 5, if not amended, must interlineate to pay creditors pro-rata**

[ ] propose a plan that represents the Debtor's **best effort** 11 USC §1322; 11 USC §1325
   [ ] unreasonable and/or unnecessary expenses are scheduled
   [ ] the budget surplus exceeds the monthly plan payment
   [ ] comply with the Means Test as required by the Code, In re Kagenveama, 541 F3d 868, and/or In re Lanning, 1330 S.Ct.2464

[ ] propose a plan that provides creditors as much as would be received under **Chapter 7** 11 USC §1325(a)(4).

[X] other issues as stated below:
- **Trustee to request interlineations that all tax returns be submitted to the Trustee; all tax refunds to be submitted into the plan and the Debtor will not incur debt greater than $500 without Court permission.**

# PROOF OF SERVICE

In Re:   Karen Marie Shane
         Case No. ND14-11585-PC

I am over the age of 18 and not a party to this bankruptcy case or adversary proceeding.  My business address is:
    Elizabeth Rojas
    15060 Ventura Blvd.
    Suite 240
    Sherman Oaks, CA  91403

The foregoing document described as **TRUSTEE'S OBJECTION TO CONFIRMATION; NOTICE OF POSSIBLE DISMISSAL OR CONVERSION** will be served **(a)** on the judge in chambers in the form and manner required by LBR 5005-2(d); and **(b)** in the manner indicated below:

On September 22, 2014, I served the following person(s) and/or entity(ies) at the last known address(es) in this bankruptcy case or adversary proceeding by placing a true and correct copy thereof in a sealed envelope in the United States Mail, first class, postage prepaid, addressed as follows.  Listing the judge here constitues a declaration that mailing to the judge will be completed no later than 24 hours after the document is filed.

Karen Marie Shane
4523 N. Vistapark Drive
Moorpark, CA  93021

Russ W Ercolani
Ercolani Law Group
4195 E Thousand Oaks Bl Ste 175
Westlake Village, CA  91362

Hon. Robin Riblet
1415 State Street, Courtroom #201
Santa Barbara, CA 93101-2511

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

DATED: September 22, 2014                              /s/  Patricia Trujillo